IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

WILLIE ALBERT SMITH, #38417                                                                    PLAINTIFF

VERSUS                                                     CIVIL ACTION NO. 3:14-cv-756-DPJ-FKB

ATTORNEY GENERAL JIM HOOD,
MOVIE STAR PATTI LABELLE,
JUDGE WILLIAM F. COLE,
and GOVERNOR PHIL BRYANT                                                                      DEFENDANTS

## ORDER OF DISMISSAL

Plaintiff, an inmate incarcerated at East Mississippi Correctional Facility, Meridian, Mississippi, files the instant Complaint [1] against Defendants Attorney General Jim Hood, Movie Star Patti Labelle, Judge William F. Cole, and Governor Phil Bryant. Having conducted the required screening of the Complaint [1] and Plaintiff's Response [15] to the Court's Show Cause Order [11], the Court has determined that: (1) Plaintiff's § 1983 claims should be dismissed with prejudice as frivolous and for failure to state a claim; and (2) his habeas claims should be dismissed without prejudice, so that he may pursue those in his pending habeas action.

I.   Background

In his Complaint, Plaintiff states that he is "trying to be set free and have [his] sentence overturned or receive a pardon." Compl. [1] at 4. On November 6, 2014, the Court entered an Order [7] directing Plaintiff to provide specific allegations against each of the Defendants, because he failed to do so in his Complaint [1]. Plaintiff filed an 82-page Response [15]. As best as the Court can figure out, Plaintiff failed to provide specific allegations against the Defendants as instructed. Instead, he asserted additional allegations, including challenges to his conditions of confinement from 1996 to 1999, complaints that he is being housed with

homosexuals, and claims related to having his parole "set-off" for the fifth time. The Court, in liberally construing Plaintiff's Response [15], finds that Plaintiff's allegations do not assert any claims against Defendants and that his additional claims do not state a violation of his constitutional rights.

II.     Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to a prisoner proceeding *in forma pauperis* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Because the Court granted Plaintiff *in forma pauperis* status by an Order [8] entered on November 6, 2014, § 1915(e)(2) applies to this case.

A.      Habeas Claims

Clearly, Plaintiff is challenging his sentence by requesting that his sentence be "overturned" and that he be released. Compl. [1] at 4. The United States Supreme Court has held that a "prisoner in state custody cannot use a § 1983 action to challenge 'the fact or duration of his confinement.'" *Wilkinson v. Dotson*, 544 U.S. 74, 78 (2005) (quoting *Preiser v. Rodriguez*, 411 U.S. 475, 489 (1973)). When a state prisoner is challenging the fact or duration of his confinement, his exclusive remedy is a petition for habeas corpus relief. *Preiser*, 411 U.S. at 484-86. In liberally construing the Complaint [1] and his Response [15], the Court finds that Plaintiff's allegations are, for the most part, in the nature of habeas relief. Therefore, Plaintiff's sole remedy concerning his conviction and sentence is through a petition for habeas relief. *Id.*; *see also Thomas v. Torres*, 717 F.2d 248, 249 (5th Cir. 1983) (per curiam). Because Plaintiff has

pending in this Court a Petition for habeas relief challenging his convictions, *see Smith v. State*, No. 3:15cv354DPJ-FKB (S.D. Miss. filed May 11, 2015), this Complaint will not be construed as a petition for habeas corpus relief, but will be dismissed without prejudice. *See Serio v. Members of La. State Bd. of Pardons*, 821 F.2d 111, 1119 (5th Cir. 1987) (holding that the Court, if possible, should separate habeas and § 1983 claims when a complaint asserts both type of claims).

    B.    Named Defendants

Even though the Court must liberally construe the *pro se* litigant's pleadings, this does not allow the Court to consider unpled facts. *See McFadden v. Lucas*, 713 F.2d 143, 147 n.4 (5th Cir. 1983) (citing *Slotnick v. Staviskey*, 560 F.2d 31, 33 (1st Cir. 1977)). Because Plaintiff did not assert specific allegations against the Defendants in his Complaint, the Court entered an Order [7] directing the Plaintiff to file a response stating how each of the Defendants violated his constitutional rights. Having thoroughly reviewed Plaintiff's 82-page Response [19], which is in large part incoherent, the Court finds that Plaintiff does not mention any of the Defendants and does not state facts to support a claim that any Defendant violated his constitutional rights. *See Jacquez v. Procunier*, 801 F.2d 789, 791-92 (5th Cir. 1986) (holding that dismissal is proper where "even the most sympathetic reading of [the] pleadings uncovers no theory and no facts that would subject the present defendants to liability"). Because Plaintiff failed to assert any allegations against the named Defendants, even after he was given an opportunity to do so, Plaintiff cannot maintain an action pursuant to 42 U.S.C. § 1983 and as such, this § 1983 action will be dismissed with prejudice for failure to state a claim against the Defendants.

C.   Additional Allegations

As for the allegations that the Court can construe from Plaintiff's Response [15], these allegations do not establish a constitutional violation. Plaintiff's claim concerning his conditions of confinement from 1996 to 1999 are time-barred. *See Edwards v. Jasper Cnty. Youth Court*, 94 F. App'x 224 (5th Cir. 2004) (per curiam) (holding that Mississippi's three-year statute of limitations applies to a personal-injury civil action filed in federal court). Additionally, the Court finds that Plaintiff's complaint that he is housed with homosexuals does not state a constitutional violation because Plaintiff does not have a constitutional right to a particular housing assignment. *See Yates v. Stalder*, 217 F.3d 332, 334 (5th Cir. 2000) (per curiam) (citing *Olim v. Wakinekona*, 461 U.S. 238, 244-45 (1983); *Tighe v. Wall*, 100 F.3d 41, 42 (5th Cir. 1996) (holding that a prisoner does not have a liberty interest in being housed in any particular facility). Finally, as to Plaintiff's allegation about his parole being set-off, the Court finds that Plaintiff does not have a constitutional right to parole. *See Smith v. Miss. Parole Bd.*, 478 F. App'x 97 (5th Cir. 2012) (per curiam) (finding that the "Mississippi statutes do not create a liberty interest, and federal due process rights are not implicated by the denial of parole and the procedures by which parole is denied").

Accordingly, these additional § 1983 claims are found to be frivolous and will be dismissed with prejudice. *See Edward*, 94 F. App'x 224 (affirming the district court's dismissal of claims barred by the statute of limitations as frivolous); *Biliski v. Harborth*, 55 F.3d 160, 161 (5th Cir. 1995) (per curiam) (affirming the district court's dismissal of a housing claim as frivolous); *Etheridge v. Miss. Dep't of Corr.*, 79 F. App'x 47, 48 (5th Cir. 2003) (per curiam)

(affirming the district court's dismissal of Plaintiff's challenge to the denial of parole as frivolous).

III.   Conclusion

As discussed above, Plaintiff's claims relating to his convictions and sentence are habeas in nature and are not cognizable under 42 U.S.C. § 1983.  Thus, any habeas claims Plaintiff is asserting in this complaint are dismissed without prejudice so that those claims may be pursued in his pending Petition for habeas relief in *Smith*, No. 3:15cv354-DPJ-FKB.

On the other hand, the claims filed pursuant to § 1983 are dismissed with prejudice as frivolous and for Plaintiff's failure to state a claim against the named Defendants.  *See* 28 U.S.C. § 1915(e)(2)(i) and (ii).

The dismissal of Plaintiff's § 1983 claims as frivolous and for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (ii) will be counted as a "strike."  *See* 28 U.S.C. 1915(g).  If the Plaintiff receives "three strikes," he will be denied *in forma pauperis* status and will be required to pay the full filing fee to file a civil action or appeal.

A separate final judgment will be entered in this action in accordance with Federal Rules of Civil Procedure 58.

**SO ORDERED AND ADJUDGED** this the 10th day of September, 2015.

                              s/ *Daniel P. Jordan III*
                              UNITED STATES DISTRICT JUDGE